FILED
JAMES BONINI
CLERK

10 MAY 21 PM 4:52

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CROWN EQUIPMENT CORPORATION<br>40 South Washington Street<br>New Bremen, Ohio 45869, | : | CASE NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | COMPLAINT FOR DECLARATORY<br>JUDGMENT |
| | : | |
| I.D. SYSTEMS, INC.<br>c/o Corporation Service Company<br>2711 Centerville Road<br>Suite 400<br>Wilmington, DE 19808, | : | (WITH JURY DEMAND) |
| | : | |
| Defendant. | : | |

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Crown Equipment Corporation ("Crown") is a corporation organized and existing under the laws of Ohio, with its principal place of business at 40 South Washington Street, New Bremen, Ohio 45869.

2.     Defendant I.D. Systems, Inc. ("IDS") is a corporation organized and existing under the laws of Delaware, with its principal place of business at One University Plaza, Hackensack, New Jersey 07601.

3.     This action is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  The matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.  This Court has diversity jurisdiction over this case under 28 U.S.C. § 1332.

4.     This Court has venue over this action pursuant to 28 U.S.C. § 1391(a) and (c), because IDS is a corporation subject to personal jurisdiction in this judicial district. IDS products are used or sold in this district; for example, IDS customers use IDS products in their facilities in this district, specifically, in Washington Court House, Ohio and Groveport, Ohio.

FACTS

5.     IDS was recently issued U.S. Patent No. 7,656,271 (the "'271 patent"), which issued on February 2, 2010.

6.     On April 9, 2010, the Chairman, CEO, and general counsel of IDS, Jeffrey M. Jagid sent via Federal Express a letter to Crown regarding the '271 patent. An accurate copy of the April 9 letter is attached as Exhibit A. The letter stated in part that it was IDS' "understanding that your company currently makes and sells the InfoLink® product (www.crown.com/usa/fleetmanagement/infolink.html) and that the '271 Patent may be relevant to the InfoLink® product. Please review the attached copy of the '271 Patent and contact us at your earliest convenience to discuss this matter in greater detail."

7.     On May 5, 2010, IDS followed up with a letter to Crown sent via Federal Express from IDS' outside counsel Mark Kesslen of Lowenstein Sandler PC. A copy of the May 5, 2010 letter is attached as Exhibit B. The letter repeated the assertion that "the '271 Patent may be relevant to the InfoLink® product." It also imposed a short deadline for a response, stating "[w]e look forward to receiving your response by no later than May 26, 2010."

8.     On May 10, 2010, Crown's Senior Vice President Jim Moran responded with a letter suggesting "reasonable discussion" after further analysis by Crown based on additional information to be provided by I.D. Systems, and suggesting that "a meeting can be

2

scheduled at a mutually agreeable place and time."  An accurate copy of the May 10, 2010 letter is attached as Exhibit C.

9.      In a terse letter received by Crown on May 19, 2010, though, Mr. Jagid requested that I.D. Systems "hear from" Crown by the May 26, 2010 date.  The letter ignored the offer in Mr. Moran's May 10, 2010 letter to meet.  An accurate copy of this letter is attached as Exhibit D.  The letter is erroneously dated May 12, 2010.

### FIRST CLAIM FOR RELIEF -- DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10.      Crown incorporates the allegations of paragraphs 1 through 9 of this Complaint as if fully restated.

11.      Crown's InfoLink product does not infringe the '271 patent.  Crown is entitled to a declaratory judgment declaring that its InfoLink product does not infringe the '271 patent.

12.      An actual, continuing and substantial controversy exists between Crown and IDS as to whether InfoLink infringes the '271 patent.  Upon the information described above, and upon belief, IDS contends that Crown infringes one or more claims of the '271 patent.

13.      The letters attached as Exhibits A, B, and D, and in particular the short deadline imposed by Exhibits B and D, constitute an assertion by IDS of purported rights under the '271 patent against a specific Crown product, an assertion that Crown disputes.  There is thus a definite and concrete dispute between the parties with regard to infringement of the '271 patent.

3

SECOND CLAIM FOR RELIEF -- DECLARATORY JUDGMENT OF INVALIDITY

14.     Crown incorporates the allegations of paragraphs 1 through 13 of this Complaint as if fully restated.

15.     Each of the claims of the '271 patent are invalid under one or more of 35 U.S.C. §§ 102, 103, or 112.  Crown is entitled to a declaratory judgment declaring that the claims of the '271 patent are invalid.

16.     An actual, continuing and substantial controversy exists between Crown and IDS as to whether the '271 patent is invalid.  Upon the information described above, and upon belief, IDS contends that one or more of the claims of the '271 patent allegedly infringed by Crown's InfoLink product are valid.

17.     The letters attached as Exhibits A, B and D, and in particular the short deadline imposed by Exhibits B and D, constitute an assertion by IDS of purported rights under the '271 patent against a specific Crown product, an assertion that Crown disputes for reasons of both non-infringement and invalidity of the '271 patent.  There is thus a definite and concrete dispute between the parties with regard to whether the claims of the '271 patent that Crown's InfoLink product allegedly infringes are valid claims.

WHEREFORE, Crown demands judgment:

A.     Declaring that Crown's InfoLink product does not infringe the '271 patent;

B.     Declaring that the claims of the '271 patent are invalid under § 35 U.S.C. §§ 102, 103, and 112;

C.     Awarding to Crown its costs;

D.     Awarding to Crown such other relief as is necessary and appropriate.

4

Respectfully submitted,

Charles J. Faruki (0010417), Trial Attorney
Donald E. Burton (0040553)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-3705
Telecopier:  (937) 227-3717
Email:  cfaruki@ficlaw.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff Crown Equipment Corporation demands trial by jury on all issues so

triable.

Charles J. Faruki

388134.1

5